UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
UNITED STATES OF AMERICA             :   **OPINION AND ORDER**
                                     :   **DENYING MOTION FOR A**
            v.                       :   **SENTENCE REDUCTION**
                                     :
VICTOR RIVERA,                       :   20 Cr. 600 (AKH)
                                     :
                        Defendant.   :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant Victor Rivera moves for a reduction of his 235-month sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), predicated on a retroactive change to the U.S. Sentencing Guidelines. But since the factors enumerated in 18 U.S.C. § 3553(a) counsel against reducing his sentence, I deny Rivera's motion.

      "Generally, a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Williams*, 102 F.4th 618, 622 (2d Cir. 2024) (quoting 18 U.S.C. § 3582(c)). One such exception exists "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). In such a case, a "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The applicable policy statement issued by the Sentencing Commission, U.S.S.G. § 1B1.10, provides that, with one limited exception that is not applicable here, a court may not reduce a sentence below the bottom of the defendant's amended Guidelines range. In other words, § 3582(c)(2) "establishes a two-step inquiry" in that the "court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or

1

in part, according to the factors set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Rivera and his co-conspirators perpetrated nearly a dozen violent robberies of jewelers and other individuals who owned high-end luxury watches between October 2019 and November 2020. Pre-Sentence Investigation Report ("PSR") at ¶ 26. After identifying potential victims through social media research and surveillance, Rivera and his co-conspirators ambushed the victims outside of their homes with weapons, and sold the stolen jewelry and luxury watches for cash. *Id.* During the course of many of these robberies, Rivera assaulted his victims and brandished what appeared to be a firearm. *Id.* at ¶¶ 26-37. In one instance, he shot a gun at a victim, striking the victim in his shoulder. *Id.* at ¶ 33. And in another instance, after Rivera's initial robbery attempt was unsuccessful, Rivera called the victim the next day, and threatened to kill him and his family if he did not provide the watch that Rivera sought to steal, or in the alternative, a large sum of cash. *Id.* at ¶ 35.

On September 13, 2022, I sentenced Rivera to 235 months' imprisonment following his guilty plea to one count of Conspiracy to Commit Hobbs Act Robbery, 18 U.S.C. § 1951(a). *See* ECF Nos. 73, 82. At sentencing, I calculated Rivera's total offense level at 34, and his criminal history at V, yielding a Guidelines range of 235 to 293 months, capped at 240 months' imprisonment in light of 18 U.S.C. § 1951(a)'s statutory maximum sentence. *See* ECF No. 82. Specifically as to Rivera's Criminal History Category, under the Sentencing Guidelines applicable on the date I imposed sentence, I assessed one criminal history point for Rivera's 2012 conviction of Aggravated Illegal Appropriation in Puerto Rico, three criminal history points for his 2012 convictions of Violence or Intimidation to a Public Authority and Illegal Commerce of Vehicles and Parts in Puerto Rico, three criminal history points for his 2012 convictions of Aggravated Robbery and Use of a Firearm Without a License in Puerto Rico, one criminal history point for his 2019 convictions of Robbery in the Third Degree and Grand

Larceny in the Second Degree in New York, and two additional criminal history points for committing the instant federal offense while on probation for another crime. PSR at ¶¶ 142-47. This total of ten criminal history points yields a Criminal History Category of V. *Id.* at ¶ 148.

Since I sentenced Rivera, the U.S. Sentencing Commission subsequently adopted Amendment 821 of the Sentencing Guidelines in November 2023, which began applying retroactively on February 1, 2024. *See Kaziu v. United States*, 108 F.4th 86, 97 (2d Cir. 2024). Whereas, at the time of Rivera's sentencing, the Guidelines provided for an upward adjustment of two criminal history points where a defendant committed the instant offense while under a criminal justice sentence, such as parole or probation, under Amendment 821, Rivera, having committed the instant offense while serving a term of probation, would receive only one additional criminal history point. *See* U.S.S.G. § 4A1.1(e); ECF No. 137. Accordingly, I find—and the parties do not dispute—that Rivera's revised criminal history score is 9, placing him in Criminal History Category IV. *See* ECF No. 137. A Criminal History Category of IV and a total offense level of 34 yields a Guidelines range of 210 to 262 months' imprisonment, though Rivera's statutory maximum sentence remains 240 months. *See* 18 U.S.C. § 1951(a). Thus, had Amendment 821 been in effect at the time I originally sentenced Rivera, his Guidelines range would have been 210 to 240 months' imprisonment. *See* U.S.S.G. § 1B1.10(b)(1).

Having found that Rivera is eligible for a sentence reduction under Amendment 821, I must consider whether the Section 3553(a) factors support reducing Rivera's term of imprisonment. *See* U.S.S.G. § 1B1.10 app. note 1(B); *United States v. Mock*, 612 F.3d 133, 137 (2d Cir. 2010). Here, I find that they do not, and thus, I deny Rivera's § 3582(c)(2) petition.

The nature and circumstances of Rivera's crime are extremely serious: he committed nearly a dozen targeted, premeditated robberies, many of which at gunpoint, and stole over $1 million worth of jewelry and luxury watches from his victims. During one robbery, he shot a gun at a victim, and during several other robberies, he assaulted his victims. Rivera has an extensive

3

criminal record that includes a litany of violent offenses. The 235-month sentence I originally imposed, which comfortably fits within the amended Guidelines range, is still needed to reflect the seriousness of Rivera's offense, to provide just punishment, to promote respect for the law, to deter both Rivera and others similarly-situated from committing sprees of armed robberies, and to protect the public from Rivera's violent proclivities. *See* 18 U.S.C. § 3553(a). Moreover, contrary to Rivera's claims of rehabilitation, during the short period of time that he has been incarcerated for this instant offense, Rivera has been sanctioned by prison officials more than ten times, including for fighting another inmate and for "possessing drugs/alcohol." *See* ECF No. 137; *see also* U.S.S.G. § 1B1.10 app. note 1(B)(iii) (post-sentencing conduct is relevant to determining whether a sentence reduction under § 3582(c)(2) is warranted). A sentence of 235 months' imprisonment is still appropriate in consideration of the Section 3553(a) factors, and the Sentencing Commission's policy judgment that the commission of a subsequent crime by a defendant while on probation or parole with an extensive criminal history should yield one, rather than two, criminal history points, does not change that. *See, e.g., United States v. Laporta*, 21 Cr. 445 (MKB), 2024 U.S. Dist. LEXIS 57800, *9-10 (E.D.N.Y. Mar. 29, 2024); *United States v. Shields*, 22 Cr. 28 (SVN), 2024 U.S. Dist. LEXIS 79399, at *6-9 (D. Conn. May 1, 2024).

Based on the foregoing, I deny Rivera's motion for a sentence reduction.

The Clerk of Court shall terminate ECF No. 135.

SO ORDERED.

Dated: August 7, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge